El Pueblo de Puerto Rico, demandante y apelado, *v.* Juan Rodríguez González, acusado y apelante.

No. 3157.—*Visto:* Mayo 31, 1927. *Resuelto:* Junio 21, 1927.

Derecho Penal—Evidencia—Peso y Suficiencia—Suficiencia para Sostener la Declaración de Culpabilidad.—Bajo imputación de adulterar leche destinada para el consumo público, cuando la prueba demuestra que el acusado, un hombre de 54 años de edad que nunca había sido procesado por delito alguno, por muchos años entregó leche pura al dueño de cierto depósito, que días antes de tomarse la muestra de la que resultó adulterada sufrió un accidente que le imposibilitó para hacer las entregas personalmente y que la persona utilizada con ese fin se declaró culpable de transportar leche adulterada pero negó responsabilidad en la adulteración, el hecho de estar la leche adulterada y de la negativa del conductor de él haberla adulterado *se resolvió* no podía estimarse suficiente para establecer la culpabilidad del acusado fuera de toda duda razonable.

Sentencia de *E. S. Mestre,* J. (Aguadilla), condenando al acusado por delito de adulteración de leche. *Revocada* y absuelto el acusado.

*B. Esteves,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Juan Rodríguez González fué convicto en virtud de una denuncia imputándole el delito de adulteración de leche des-

tinada para el consumo humano. En la fecha del juicio tenía 54 años de edad y jamás se le había acusado anteriormente de delito alguno. Por un período de doce años le había entregado leche al mismo vendedor al por menor y jamás se había comprobado que la misma fuera inferior al grado de pureza prescrito por la ley. Unos pocos días antes de tomarse las muestras cuyo análisis dió origen a la presentación de la denuncia, el apelante había sido lesionado por un automóvil y estaba imposibilitado de hacer las entregas personalmente. La persona utilizada para este fin se declaró culpable de la transportación de leche adulterada, pero negó ser personalmente responsable de la adulteración. Los envases en que se llevaba la leche no estaban sellados. El hecho de que la leche estuviera diluída y de la negativa del conductor de que él la hubiera diluído, a duras penas puede estimarse como suficiente para establecer la culpabilidad del acusado más allá de una duda razonable, si ese hecho se toma en cuenta en conexión con los antecedentes del apelante y el delito específico que se le ha imputado.

Los casos de *El Pueblo* v. *Gautier,* 20 D.P.R. 328 y *El Pueblo* v. *Ojeda,* 26 D.P.R. 437, en que se basa el fiscal de esta corte, no son aplicables.

*Debe revocarse la sentencia recurrida.*

El Juez Asociado Sr. Wolf firmó: ''conforme con la sentencia por entender que no hay prueba de que el acusado adulteró la leche.''